FILED

2015 OCT 29 PM 12: 41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: _____

1 | Sean Biel
2 | 146 S. Main St. #L-312
   | Orange, CA 92868
3 | (714) 331-1418
   | seanbiel24@gmail.com
4
5 | Plaintiff
   | Pro Se Litigant
6
7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9
10 | SEAN BIEL, an individual,              Case No.: SACV15-01760 RGK (KESx)
11 |                    Plaintiff,          COMPLAINT FOR DAMAGES AND
                                            INJUNCTIVE RELIEF PURSUANT TO
12 |        v.                              THE TELEPHONE CONSUMER
                                            PROTECTION ACT, 47 U.S.C. §227 et seq.
13 | J.C. PENNEY COMPANY, INC., a
   | Delaware Corporation; J.C. PENNEY      JURY TRIAL DEMANDED
14 | CORPORATION, INC. a Delaware
   | Corporation,
15
16 |                    Defendants.
17
       COMES NOW, Plaintiff, Sean Biel, individually, by and through pro se
18
   representation, and for his Complaint against J.C. PENNEY COMPANY, INC., a Delaware
19
   Corporation, and J.C. PENNEY CORPORATION, INC., a Delaware Corporation
20
   (collectively, "Defendants" or "JC Penney"), and state as follows:
21
                                    INTRODUCTION
22
   1.  SEAN BIEL ("Plaintiff") brings this action for damages, injunctive relief, and any
23
       other available legal or equitable remedies, resulting from the illegal actions of
24
       Defendants, J.C. PENNEY, in negligently and/or intentionally contacting Plaintiff on
25
       Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act,
26
       47 U.S.C. §227, et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff
27
28

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER
PROTECTION ACT, 47 U.S.C. § 227 et seq.



alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted personally.

2. In particular, Plaintiff alleges that Defendants repeatedly sent unsolicited marketing text messages to his cellular phone utilizing a prerecorded, artificial voice or automatic telephone dialing system ("ATDS") without his prior express written consent.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331. This case involves a question of Federal law, 47 U.S.C. §227, et seq. (TCPA). Damages and injunctive relief are available under 47 U.S.C. §227(b)(3).

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in the State of California, the harm to Plaintiff occurred in the State of California and the County of Orange, and Defendants are subject to personal jurisdiction in the County of Orange and within this judicial district because they engage in business in this district and a substantial part of the events giving rise to this claim occurred here.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California and the County of Orange. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(32).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant J.C. Penney Company, Inc. is, and at all times mentioned herein was, a Delaware corporation, and a "person" as defined by 47 U.S.C. § 153(32).

7. On information and belief, Defendant J.C. Penney Company, Inc. maintains its principal place of business at 6501 Legacy Drive, Plano Texas 75024-3698, and is registered to do business in California.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant J.C. Penney

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

2

Corporation, Inc. is, and at all times mentioned herein was, a Delaware corporation, and a "person" as defined by 47 U.S.C. §153(32).

9. On information and belief, Defendant J.C. Penney Corporation, Inc. maintains its principal place of business at 6501 Legacy Drive, Plano Texas 75024-3698, and is registered to do business in California.

10. Plaintiff alleges that at all times relevant herein, Defendants conducted business in the State of California and in the County of Orange, and within this judicial district.

### THE TELEPHONE CONSUMER PROTECTION ACT

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. As Judge Grewal of the United States District for the Northern District of California recently reiterated in a TCPA case regarding calls to a non-debtor similar to this one:

> [T]he TCPA was a response by Congress to consumer complaints about unwanted phone calls and junk faxes. To that end, the TCPA makes it unlawful to "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

McKenna v. WhisperText (N.D. Cal., Jan. 30, 2015, 5:14-CV-00424-PSG) 2015 WL 428728, at *1.

13. The TCPA regulates, among other things, the use of prerecorded messages and use of automated telephone dialing systems. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. When a call is made for the purposes of marketing, then the prior express consent of the called party must also be in writing. (*See* the Federal Communications Commissions' February 15, 2012 Order requiring prior express

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

3

written consent before sending unsolicited marketing text messages or cell phone calls utilizing a prerecorded, artificial voice or ATDS) <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, FCC Report and Order, CG Docket No. 02-278 (Feb. 15, 2012).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones or the use of artificial or prerecorded messages without the prior express written consent of the called party.

16. "Automatic telephone dialing system" (ATDS) means, "any equipment that has the 'capacity to dial numbers without human intervention.'" *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis in original)

17. In 2003 the FCC determined that the TCPA applies to SMS texts. *2003 TCPA Order*, 18 FCC Rcd at 14115, ¶ 165.

18. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

19. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call or text is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

4

calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

20. Unlike more conventional advertisements, such text messages actually cost their recipients money because cell phone users frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation to their text plan, regardless of whether or not the message is authorized.

## FACTUAL ALLEGATIONS

21. Over the course of an extended period beginning no later than in February 2015, Defendant directed the mass transmission of text messages to the cellular telephones nationwide of what they hoped were customers or potential customers of JC Penney.

22. On February 26, 2015, Plaintiff Sean Biel received an unsolicited SMS or "text" message to his wireless cell phone, for which Plaintiff provided no consent to receive the text message, in an effort to promote Defendants' retail store, JC Penney.

23. Specifically, on February 26, 2015, Plaintiff Sean Biel received the following text message from 527-365:

    JCP: Super Saturday Sale + 50-65% off select

    Doorbusters! $10 off $25 in store thru 2/28 w/

    code MC4528100002000000020210.

    Info http://spr.ly/4ss ReplySTOPtoEnd

24. Plaintiff continued to receive text messages over the course of the next few months, continuing through September 2015.

25. Plaintiff's cellular telephone number is (714) 331-1418

26. These unsolicited text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," (ATDS) as defined by 47 U.S.C. § 227(a)(1), are prohibited by 47 U.S.C. § 227(b)(1)(A), which had the capacity to store or produce and dial numbers randomly or sequentially, to place telephone calls and/or SMS or text messages to Plaintiff's cellular telephone.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

5

27. The telephone number that Defendants called and/or sent the text messages to were assigned to cellular telephone services for which Plaintiff incurred a charge for, pursuant to 47 U.S.C. § 227(b)(1).

28. These telephone text messages constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Defendants did not obtain Plaintiff's prior express written consent to receive unsolicited text messages utilizing a prerecorded, artificial voice or ATDS, pursuant to 47 U.S.C. § 227(b)(1)(A).

30. These text messages by Defendants therefore violated 47 U.S.C. § 227(b)(1).

<u>**FIRST CAUSE OF ACTION**</u>
<u>**NEGLIGENT VIOLATIONS OF THE TCPA**</u>
<u>**47 U.S.C. § 227 Et Seq.**</u>

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send dozens of text messages to Plaintiff without human intervention. These text messages were made en masse through the use of a short code and without the prior express consent of the Plaintiff to receive such text messages.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

6

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 Et Seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send dozens of text messages to Plaintiff without human intervention. These text messages were made en masse through the use of a short code and without the prior express consent of the Plaintiff to receive such text messages.

38. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATION OF THE TCPA
## 47 U.S.C. § 227 Et Seq.

a. As a result of Defendants' negligent violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 Et Seq.

a. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## OTHER RELIEF

Any and all further relief that the Court deems just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: 10/29/15          By: _____
                              Sean Biel
                              Plaintiff

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

8